# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS
# BOSTON DIVISION

| | |
|---|---|
| AMANDA VINSON,<br>    Plaintiff,<br><br>vs.<br><br>CREDIT COLLECTION SERVICES, INC.,<br>    Defendant. | **Civil Action No.**<br><br>**Jury Trial Demanded** |

## COMPLAINT

### NATURE OF ACTION

1. This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq* and M.G.L. c. 93A.

### JURISDICTION AND VENUE

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, and where Defendant transacts business in this district.

### PARTIES

4. Plaintiff, Amanda Vinson ("Plaintiff"), is a natural person who at all relevant times resided in the State of Alabama, County of Chambers, and City of Crescent Valley.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant, Credit Collection Services, Inc. ("Defendant") is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

8. Defendant's principle place of business is located at 240 Commercial Street, Ste. 3A, Boston, MA 02109.

## FACTUAL ALLEGATIONS

9. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

10. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes. Plaintiff incurred the obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant.

11. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

12. In connection with collection of an alleged debt in default, Defendant called Plaintiff's residential telephone on December 7, 2011 at 9:39 P.M., and at such time, Defendant informed Plaintiff that it was calling in an attempt to collection a debt.

13. During the December 7, 2011 conversation, Plaintiff informed Defendant

that she had been called after 9:00 P.M., at which time, Defendant terminated the call.

14. Defendant's actions constitute conduct highly offensive to a reasonable person.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692c(a)(1)

15. Plaintiff repeats and re-alleges each and every allegation contained above.

16. Defendant violated 15 U.S.C. § 1692c(a)(1) by communicating with Plaintiff at times or places which were known or should have been known to be inconvenient for Plaintiff.

## COUNT II

## VIOLATION OF M.G.L. c. 93A

17. Plaintiff repeats, realleges, and incorporates by reference all preceding paragraphs.

18. The Defendant violated M.G.L. c. 93A including but not limited to the following ways:

   **a. Violating M.G.L. c. 93, §§ 24- 28 is a violation of 93A:**

   i. "Failure to comply with any provision of this section or of section twenty-four to twenty-seven, inclusive, or any regulation promulgated in accordance with the provisions of section twenty-four shall constitute an unfair or deceptive act or practice under the provisions of paragraph (*a*) of section two of chapter ninety-three A." M.G.L. c. 93, §28.

   ii. "No person shall directly or indirectly engage in the commonwealth in the business of a debt collector . . . or receive

    payment for another of an account, bill or other indebtedness, without first obtaining from the commissioner a license to carry on the business . . . ." M.G.L. c. 93, § 24A(a).

  iii. Defendants were engaged in the business of debt collection in this Commonwealth without a license or required bond and therefore violated M.G.L. c. 93A by way of M.G.L. c. 93, § 28.

 **b. Violating the FDCPA, is a violation of 93A:**

  i. As described above, Defendant violated the FDCPA.

  ii. The Fair Debt Collection Practices Act (FDCPA) is found at Title 15 of the U.S. Code, in Chapter 41, of the Federal Consumer Credit Protection Act, Subchapter V, Debt Collections Practices.

  iii. "Without limiting the scope of any other rule, regulation or statute, an act or practice is a violation of M.G.L. c.93A, s. 2 if . . . (4) It violates the Federal Trade Commission Act, the Federal Consumer Credit Protection Act or other Federal consumer protection statutes within the purview of M.G.L. c. 93A, s. 2." 940 C.M.R. §3.16.

  iv. Therefore, Defendants violated Chapter 93A by virtue of violating the FDCPA.

19. Defendant was engaged in the conduct of trade or commerce within the Commonwealth of Massachusetts.

20. Defendant received a lawful demand letter more than thirty days prior to the filing of this action.

21. Defendant failed to grant relief or negotiate in good faith with knowledge or reason to know of their violations.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692c(a)(1);

b) Adjudging that Defendant violated M.G.L. c. 93A;

c) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

d) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

e) Treble such damages under M.G.L. c. 93A;

f) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

g) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

h) Awarding such other and further relief as the Court may deem just and proper.

**TRIAL BY JURY REQUESTED**

22. Plaintiff is entitled to and hereby demands a trial by jury.

Respectfully submitted,

AMANDA VINSON

By his attorneys,

/s/ John F. Skinner
John F. Skinner (BBO # 676768)
Skinner Law PLLC
530 Chestnut Street, 3rd Floor
Manchester, NH 03101
jskinner@attorneysforconsumers.com

*Co-counsel with WEISBERG & MEYERS, LLC*

5025 N. Central Ave. #602
Phoenix, AZ 85012
Not admitted before this Court
ECF@ATTORNEYSFORCONSUMERS.COM

Dated: April 7, 2012